UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PATRICK KING, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:13cv1217 TCM ) |
| TAYLOR EXPRESS, INC., and AUSTIN W. STEPHENS, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This three-count diversity action is before the Court[1] on the motion of defendant Austin W. Stephens (Stephens) to strike the claims in Counts I and II for punitive damages and the motion of defendant Taylor Express, Inc. (Taylor Express) to dismiss Count III.[2] Plaintiff, Patrick King, opposes both motions.

## Background

The resolution of the pending motions depends on the allegations in the complaint, which are described below.

Plaintiff alleges that he was injured when the car he was driving on a Missouri highway was "crushed into a concrete barrier" as a result of being struck by the tractor-trailer driven by Stephens and owned by Taylor Express. (Compl. ¶¶ 13, 15, 16-18, ECF No. 1.) Specifically, as a result of Stephens "negligently and improperly" changing lanes, the right side of his tractor-

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

[2]Taylor Express first moved to dismiss all three counts against it. In its reply brief, however, it withdrew its request to dismiss Counts I and II. (See Taylor Express's Reply at 1, n.1, ECF No. 21.)

trailer hit the left side of Plaintiff's car, causing "both vehicles to simultaneously spin across the highway until Plaintiff's [car] was crushed into a concrete barrier," thereby "unhooking" both vehicles, and causing "Plaintiff's [car] to fly into the air before slamming back to ground." (Id. ¶ 16-17.)

In Count I, Plaintiff seeks an award of actual and punitive damages from Stephens and Taylor Express for negligence. His claim of negligence includes allegations that "Defendants operated the vehicle in a careless and reckless manner" and "showed a complete indifference to or a conscious disregard for the safety of Plaintiff" and others. (Id. ¶¶ 24(a), 27.)

In Count II, Plaintiff seeks an award of actual and punitive damages from Stephens and Taylor Express for "negligence per se." (Id. at 7.) He alleges that the "acts and omissions" he earlier described violate Missouri statutes governing "the regulation of traffic" and federal regulations governing motor carriers. (Id. ¶ 32-33.) He supports his request for punitive damages with an allegation that "[t]he negligence and carelessness of Defendants . . . showed a complete indifference to or a conscious disregard for the safety of Plaintiff" and others. (Id. ¶ 38.)

In Count III, Plaintiff seeks actual and punitive damages only from Taylor Express on a negligence theory. In addition to claims of negligence arising from Taylor Express's hiring, retaining, supervising, and training Stephens, Plaintiff alleges that Taylor Express was negligent in maintaining the tractor-trailer driven by Stephens. (Id. ¶ 42.) As before, he premises his punitive damages request on an allegation that "[t]he negligence and carelessness of Defendant Taylor Express . . . showed a complete indifference to or a conscious disregard for the safety of Plaintiff" and others. (Id. ¶ 45.)

Citing motor vehicle accident cases in which the question was whether the issue of punitive damages should have been submitted to the fact-finder,[3] Stephens argues that Plaintiff's claim for punitive damages should be stricken pursuant to Federal Rule of Civil Procedure 12(f).

Citing McHaffie by and through McHaffie v. Bunch, 891 S.W.2d 822 (Mo. 1995) (en banc), Taylor Express argues that Plaintiff's claim for punitive damages must be stricken and, consequently, Count III must be dismissed under Federal Rule of Civil Procedure 12(b)(6) because Missouri law bars direct negligence claims against an employer who has admitted vicarious liability for the negligent acts of his employee, as Taylor Express has done. (See Taylor Express Answer ¶ 9, ECF No. 14.)

**Discussion**

Stephens' Motion. "Courts may strike 'from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" **BJC Health Sys. v. Columbia Cas. Co.**, 478 F.3d 908, 917 (8th Cir. 2007) (quoting Fed.R.Civ.P. 12(f)). This includes a prayer for punitive damages. See Id. "Striking a party's pleading, however, is an extreme and disfavored measure." Id. (citing Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000)).

Under Missouri law, "[p]unitive damages may be awarded in a negligence action if the defendant 'showed complete indifference to or conscious disregard for the safety of others.'"

---

[3]The cited cases are: Call v. Heard, 925 S.W.2d 840, 849 (Mo. 1996) (en banc) (submission of punitive damages issue to court in bench-tried case involving intoxicated tortfeasor); Stojkovic v. Weller, 802 S.W.2d 152, 154-55 (Mo. 1991) (en banc) (submission of punitive damages issue to jury in case involving intoxicated tortfeasor), *overruled on other grounds*, Rodriquez v. Suzuki Motor Corp., 936 S.W.2d 104 (Mo. 1996) (en banc); Flood ex rel. Oakley v. Holzwarth, 182 S.W.3d 673, 678 (Mo. Ct. App. 2005) (submission of punitive damages issue to jury in case involving methamphetamine-impaired tortfeasor); Stuart v. Mills, 899 S.W.2d 156 (Mo. Ct. App. 1995) (question whether issue of punitive damages was properly submitted to jury based on quantity and quality of evidence of whether tortfeasor was intoxicated).

**Stojkovic**, 802 S.W.2d at 155 (quoting Menaugh v. Resler Optometry, Inc., 799 S.W.2d 71, 73 (Mo. 1990) (en banc)); accord **Alack v. Vic Tanny Int'l of Mo., Inc.**, 923 S.W.2d 330, 339 (Mo. 1996) (en banc).  The Missouri Supreme Court has "described 'conscious disregard or complete indifference' as:

> an act or omission, though properly characterized as negligent, [that] manifest[s] such reckless indifference to the rights of others that the law will imply that an injury resulting from it was intentionally inflicted. Or there may be conscious negligence tantamount to intentional wrongdoing, as where the person doing the act or failing to act must be conscious of his conduct, and, [though] having no specific intent to injure, must be conscious, from his knowledge of surrounding circumstances and existing conditions, that his conduct will naturally or probably result in injury."

**Id.** (quoting Hoover's Dairy, Inc. v. Mid-America Dairymen, Inc., 700 S.W.2d 426, 435 (Mo. 1985) (en banc)) (emphasis omitted) (alteration in original).  Additionally, the Court notes that Missouri allows evidence of a failure to follow motor carrier regulations and statutes to support claims for punitive damages.  See e.g., **Lopez v. Three Rivers Elec. Co-op., Inc.**, 26 S.W.3d 151, 160 (Mo. 2000) (en banc); **Coon v. Am. Compressed Steel, Inc.**, 207 S.W.3d 629, 638-39 (Mo. Ct. App. 2006).  Allegations of such failure form the basis for the claims in Count II.

"[T]he federal rules require only notice pleading through 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" **Horras v. Am. Capital Strategies, Ltd.**, — F.3d —, 2013 WL 4711389, *6 (8th Cir. Sept. 3, 2013) (quoting Erickson v. Pardus, 551 U.S. 89, 93 (2007)).  Plaintiff alleges that Stephens acted in "complete indifference to or a conscious disregard of" his safety when changing lanes and when violating Missouri statutes and federal regulations governing motor carriers. (Compl. ¶¶ 27, 38.) These allegations are sufficient to state a claim under Missouri law for punitive damages.  Whether the supporting evidence is sufficient to submit the claim to the fact-finders is an issue for another day.

Stephens' motion to strike will be denied.

Taylor Express's Motion to Dismiss.  When ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief.  **Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 555-56 (2007).  The Court does not, however, accept as true any allegation that is a legal conclusion.  **Ashcroft v. Iqbal**, 556 U.S. 662, 678 (2009).  Taylor Express argues that Count III must be dismissed because the only claim alleged in that count that does not fall within the **McHaffie** rule – "once an employer has admitted *respondeat superior* for a driver's negligence, it is improper to allow a plaintiff to proceed against the employer on any other theory of imputed liability," 891 S.W.2d at 826 – is for punitive damages and should be stricken.  See **Wilson v. Image Flooring, LLC**, 400 S.W.3d 386, 392-93 (Mo. Ct. App. 2013) (finding that dicta in McHaffie that punitive damages might be an exception "to the general rule barring direct negligence claims against an employer who had already admitted vicarious liability" was "persuasive," and holding that the McHaffie general rule did not apply to a claim for punitive damages).

This argument is unavailing for two reasons.  One, as explained above, the claims for punitive damages will not be stricken.  See **Harris v. Decker Truck Line, Inc.**, 2013 WL 1769095, *2-5 (E.D. Mo. Apr. 24, 2013) (declining to dismiss request for punitive damages award against trucking company who employed driver who rear-ended plaintiff's car; allegations, including those of violations of motor carrier regulations and industry standards, were assumed to be true and were sufficient to support request).  Two, allegations in Count III are not only of Stephens' negligence.  There is also an allegation that Taylor Express negligently failed to

maintain the tractor-trailer that was being driven by Stephens at the time of the accident.  See **McHaffie**, 891 S.W.2d at 826 (noting that "it may be possible that an employer . . . may be held liable on a theory of negligence that does not derive from and is not dependent on the negligence of an . . . employee").

Taylor Express's motion will be denied.

## Conclusion

Under the governing standards, the allegations of Plaintiff are sufficient to survive the Rule 12(b)(6) and Rule 12(f) challenges.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Austin W. Stephens to strike the claims in Counts I and II for punitive damages is **DENIED**.  [Doc. 10]

**IT IS FURTHER ORDERED** that the motion of Taylor Express, Inc., to dismiss [Doc. 15] is also **DENIED**.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  9th  day of  October, 2013.